# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SOUTHERN FAMILY INSURANCE
COMPANY, et al.**

    **Plaintiffs,**

v.                                              Case No. 8:05-cv-2158-T-30MAP

**UNITED STATES OF AMERICA, et al.**

    **Defendants.**

_____

## **ORDER**

THIS CAUSE comes before the Court upon Southern Family Insurance Company's ("Southern Family) Motion for Reconsideration of December 11, 2008 Order (Dkt. 114), the United States of America's ("United States") Opposition to the same (Dkt. 118), Poe Financial Group, Inc.'s ("PFG") Response to the same (Dkt. 119), Southern Family's Motion to Enlarge Time Periods Provided in Case Management and Scheduling Order and Permit Discovery by Plaintiff of Facts and Circumstances Occurring in 1996-1998 that are Relevant to Tax Treatment of the Disputed Items in 1999 (Dkt. 116), the United States' Opposition to the same (Dkt. 121), and Plaintiff's Alternative Motion for Order Allowing Interlocutory Appeal Should its Motion for Reconsideration of the Order of Dismissal be Denied (Dkt. 137). The Court heard oral argument from the parties on February 19, 2001.

Upon review and consideration, it is ORDERED AND ADJUDGED that:

1. Southern Family Insurance Company's Motion for Reconsideration (Dkt. 114) is **DENIED**.

2. Southern Family's oral motion to amend its Complaint to allege a cause of action against PFG based on a breach of agency theory is **GRANTED**. Southern Family shall have twenty (20) days from the date hereof to amend its Complaint.

3. The parties are hereby ordered to cooperate jointly in seeking a refund from the United States for the tax years 1996-1998.

4. Neither Southern Family nor PFG may settle with the Internal Revenue Service (or settle the underlying issues in a related case) unless both parties agree to the settlement terms or the settlement is approved by this Court.

5. In the event a refund is obtained from the United States, the Court will consider the appropriate procedure for determining entitlement to the funds. Such procedure may include this Court's withdrawal of the reference from the related bankruptcy action.

6. Plaintiff's Alternative Motion for Order Allowing Interlocutory Appeal Should its Motion for Reconsideration of the Order of Dismissal be Denied (Dkt. 137) is **DENIED**.

7. Southern Family's Motion to Enlarge Time Periods Provided in Case Management and Scheduling Order and Permit Discovery by Plaintiff of Facts

and Circumstances Occurring in 1996-1998 that are Relevant to Tax Treatment of the Disputed Items in 1999 (Dkt. 116) is **GRANTED**.

8. The parties are directed to file a revised Case Management Report within thirty (30) days of the date Southern Family amends its Complaint.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-2158.multiple motions.frm