UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SOUTHERN FAMILY INSURANCE COMPANY,**

    Plaintiff,

v.                                         Case No. 8:05-cv-2158-T-30MAP

**UNITED STATES OF AMERICA,**

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Response to Order to Show Cause Why Partial Summary Judgment Should Not Be Granted in Favor of Plaintiffs (Dkt. 287). Upon consideration of Defendant's response, the Court concludes that partial summary judgment should be granted in favor of Plaintiffs on the issue of timing.

Defendant first argues that the expert report of Joseph N. Miller ("Miller") supports Defendant's assertion that the bonuses accrued as income when they were placed in escrow. The Court concludes that this is insufficient to create a genuine issue of disputed fact. Miller's opinion has no bearing on the crucial issue before the Court, i.e., whether, under the all events test, there were sufficient contingencies on the ultimate receipt of the takeout bonuses to preclude accrual at the point they were invested by the escrow custodian. Miller's opinion does not speak to this issue and merely opines on the parameters under which Southern Family could direct the investment of the takeout bonuses while in escrow.

However, the fact that Southern Family had some control over the direction of the investment of the bonuses is not dispositive. Indeed, in *Bizzack Bro. Constr. Corp. v. C.I.R.*, 1980 WL 4286 (Tax Ct. 1980), which is discussed in detail in the Court's July 8, 2010 Order (Dkt. 280), the court held that investment of the retainage by the escrow custodian did not fix the contractor's right to the funds. Rather, it was the sufficient contingencies on the ultimate receipt of the escrowed funds that precluded accrual at the time that the funds were invested by the escrow custodian.

Defendant's remaining arguments focus on the difference between a condition precedent and a condition subsequent. Defendant contends that the conditions attached to Southern Family's receipt of the takeout bonuses were conditions subsequent and, thus, the takeout bonuses accrued at the time Southern Family removed the policies. The cases relied upon by Defendant are not factually similar to this case.[1] In *Charles Schwab Corp. v. Commissioner*, 107 T.C. 282 (Tax Ct. 1996), the court held that a broker accrued commission fees on the trade date of the stock it sold for clients as opposed to the settlement date, because the functions that remained to be performed were ministerial. Here, the conditions, as set forth in the Court's July 8, 2010 Order (Dkt. 280), were not ministerial. And in *Harkins v. Commissioner*, 2001 WL 427629 (Tax Ct. 2001), a case that involved a marketing agreement between an operator of a chain of movie theaters and Pepsi-Cola, the payments made by Pepsi-Cola were already received and/or earned by the operator pursuant to the marketing

---

[1] Defendant does not even discuss the cases cited in the Court's July 8, 2010 Order (Dkt. 280), which contain facts similar to this case.

agreement, and were only at risk of forfeiture if the operator did not subsequently comply with the agreement. Here, Southern Family was not entitled to the escrowed funds until it complied with the conditions during the escrow period, and the JUA retained ownership of the funds during the escrow period.

In conclusion, the undisputed facts demonstrate that the conditions were clearly conditions precedent, i.e., they were required to be met *before a fixed right to receive the takeout bonuses accrued.*[2] Accordingly, Plaintiffs are entitled to partial summary judgment on this issue.

It is therefore ORDERED AND ADJUDGED that partial summary judgment is GRANTED in favor of Plaintiffs and against Defendant on the issue of timing. The Court holds, as a matter of law, that the takeout bonuses and the interest earned on the amounts were not attributable as income to Southern Family until they were released to Southern Family.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-2158.entryofpartsumjudg4plaintiffs.frm

---

[2] The analysis of this issue is discussed in detail in the Court's July 8, 2010 Order (Dkt. 280).